IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| XENA AMES, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:21-cv-02652 |
| ) | |
| vs. ) | |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendant ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Xena Ames, by counsel, and as her Complaint for Damages against Defendant, Federal Express Corporation, alleges and states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Xena Ames, is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Federal Express Corporation (hereinafter referred to as "FedEx" or "Defendant"), is an employer as defined by 42 U.S.C. § 2000e(b), 29 U.S.C. §621 *et. sec*. and 42 U.S.C. §12101, *et. sec*., which conducts business in the State of Indiana.

3. Ms. Ames filed a Charge of Discrimination (Charge 470-2021-01104) with the Equal Employment Opportunity Commission on or about April 22, 2021, alleging, *inter alia*, that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., The Age Discrimination in Employment Act, 29 U.S.C. §62 *et. sec.,* and The Americans with Disabilities Act, 42 U.S.C. §12101 *et. sec*.[1]

---

[1] Plaintiff has also filed Charge No. 470-2021-02161 with the EEOC. That charge is pending and no Right to Sue has been issued. Plaintiff intends to file a motion to amend this complaint once her administrative remedies have been exhausted with respect to the pending charge.

4. The Equal Employment Opportunity Commission regulations, issued to Ms. Ames a 90-day Right to Sue letter on August 16, 2021.

5. Ms. Ames invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, is a fifty-one (51) year old African-American female with a disability, who was employed by the Defendant as a Dangerous Goods Agent, beginning on or around December 17, 2017.

8. Plaintiff's disability relates to a permanent back condition stemming from her time in the military.

9. At all relevant times, Plaintiff met or exceeded the Defendant's legitimate performance expectations.

10. Throughout her employment, Plaintiff has been egregiously, pervasively, and severely harassed by a former supervisor, Chris Pipes.

11. In or around December 2020, Plaintiff requested a transfer as a reasonable accommodation for her disability, but was denied.

12. On numerous occasions, Mr. Pipes told Plaintiff that she smelled and he would subject her to scans to see if she was sweating.

13. Mr. Pipes also harassed Plaintiff by secretly observing her in her home while showering, by making allegations related to a baby with Plaintiff's ex-boyfriend, and would call police officers to the job to use and/or threaten force on the Plaintiff.

14. Mr. Pipes would wink at the Plaintiff as she walked by, would rub up against the Plaintiff in an inappropriate manner, make comments about Plaintiff's ex-boyfriend, and tell the Plaintiff that he would like to see her sex tapes.

15. In March 8, 2021, Plaintiff's coworkers intentionally deceived her into believing that she was not needed at work that day, and they treated her in a harassing manner.

16. The Plaintiff showed up to work on March 11, 2021, and these same coworkers had learned of her disability and attempted to overwork the Plaintiff in order to make her sweat so that they could ridicule her.

17. Plaintiff walked into the ramp room on that same night and a coworker said, *nigger, nigger*.

18. Plaintiff reported these incidents to management, but nothing was done.

19. Plaintiff's manager commented on one occasion about the Plaintiff's bra and panty sets after she walked out of the women's restroom, indicating that he could see in there.

20. Defendant constructively discharged Ms. Ames on August 20, 2021.

## Count I
## Race

21. Plaintiff incorporates by reference Paragraphs one (1) through twenty (20) above.

22. Defendant discriminated against Ms. Ames on the basis of her race by allowing a hostile work environment when it refused to address inappropriate comments of a racial nature.

23. The unwanted racial comments made to and about the Plaintiff were both severe and pervasive.

24. Ms. Ames work environment was both objectively and subjectively offensive.

25. Ms. Ames race was the motivating factor in Defendant's treatment of her, which resulted in her constructive discharge.

26. These actions violated Ms. Ames's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

27. As a result of the foregoing, Ms. Ames has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

28. As a result of Defendant's actions, Ms. Ames has incurred attorney fees and costs.

29. Defendant's actions were done with malice or willful reckless disregard to Ms. Ames's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count II
## Color

30. Plaintiff incorporates by reference Paragraphs one (1) through twenty-twenty-nine (29) above.

31. Defendant discriminated against Ms. Ames on the basis of her color when it created a hostile work environment and subjected her to unwanted comments related to her color.

32. Similarly situated white employees were treated more favorably than Plaintiff in that they were not subjected to the same hostile work environment, which resulted in her constructive discharge.

33. These actions violated Ms. Ames's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

34. As a result of the foregoing, Ms. Ames has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

35. As a result of Defendant's actions, Ms. Ames has incurred attorney fees and costs.

36. Defendant's actions were done with malice or willful reckless disregard to Ms. Ames's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count III
## Sex

37. Plaintiff incorporates by reference Paragraphs one (1) through thirty-six (36) above.

38. Defendant discriminated against Ms. Ames on the basis of her sex when her supervisor/former supervisor, manger, and coworkers made numerous unwanted sexual advances toward her and subjected her to comments of a sexual nature.

39. The comments and behaviors Plaintiff was subjected to were both severe and pervasive.

40. Plaintiff complained about the sexual comments and actions, but Defendant failed to address them.

41. Ms. Ames's gender was the motivating factor in Defendant's treatment of her, and her work environment was subjectively and objectively hostile.

42. Defendant's actions also led to Plaintiff's constructive discharge.

43. These actions violated Ms. Ames's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

44. As a result of the foregoing, Ms. Ames has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

45. As a result of Defendant's actions, Ms. Ames has incurred attorney fees and costs.

46. Defendant's actions were done with malice or willful reckless disregard to Ms. Ames's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count IV
## ADA

47. Plaintiff Incorporates by reference Paragraphs one (1) through forty-six (46) above.

48. Plaintiff suffers from a bad back related to injuries sustained while in the military.

49. Plaintiff's supervisor and coworkers were aware of Plaintiff's disability and created a hostile work environment by attempting to overwork the Plaintiff to make her sweat, scanning the Plaintiff for sweat, and making comments about her smell.

50. These comments and actions were severe and pervasive, and created a work environment that was objectively and subjectively hostile.

51. Plaintiff requested a transfer to get away from the hostile work environment as an accommodation for her disability, but Defendant denied her request.

52. Defendant discriminated against Ms. Ames on the basis of her disability, perceived disability, and/or record of disability when it refused to accommodate her disability and constructively discharge Plaintiff because of her disability, perceived disability, and/or record of disability.

53. Defendant's actions are in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et. sec*.

54. As a result of the foregoing, Ms. Ames has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

55. As a result of Defendant's actions, Ms. Ames has incurred attorney fees and costs.

56. Defendant's actions were done with malice or willful reckless disregard to Ms. Ames's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

### Count V
### ADEA

57. Plaintiff Incorporates by reference Paragraphs one (1) through fifty-six (56) above.

58. Plaintiff is fifty-one (51) years old, over the age of forty (40) and thus in a protected class.

59. Plaintiff's supervisor and coworkers were aware of Plaintiff's age created and intentionally attempted to overwork the Plaintiff to make her sweat, scanning the Plaintiff for sweat, and making comments about her smell.

60. These comments and actions were done to persuade Plaintiff to resign her employment.

61. Plaintiff, at all relevant times, met or exceeded Defendant's legitimate performance expectations, and similarly situated younger employees were treated more favorably.

62. Defendant discriminated against Ms. Ames on the basis of her age when it constructively discharged Plaintiff on or about August 20, 2021.

63. Defendant's actions are in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et. sec*.

64. As a result of the foregoing, Ms. Ames has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

65. As a result of Defendant's actions, Ms. Ames has incurred attorney fees and costs.

66. Defendant's actions were done with malice or willful reckless disregard to Ms. Ames's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count VI
## Retaliation

67. Plaintiff Incorporates by reference Paragraphs one (1) through sixty-six (66) above.

68. Plaintiff previously filed a federal lawsuit against the Defendant, as well as several EEOC charges against the Defendant alleging discrimination and retaliation based on race, color, sex, age, and disability[2].

69. Defendant retaliated against Ms. Ames for engaging in the above-mentioned protected activities by increasing the intensity of the hostile acts she was subjected to, thereby leading to her constructive discharge.

70. Plaintiff's current and past complaint and EEOC activity was the motivating factor behind Defendant's treatment of Plaintiff.

---

[2] Including Charge No. 470-2021-02161 previously mentioned in FN 1.

71. As a result of the foregoing, Ms. Ames has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

72. As a result of Defendant's actions, Ms. Ames has incurred attorney fees and costs.

73. Defendant's actions were done with malice or willful reckless disregard to Ms. Ames's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count VII
## 42 U.S.C. §1981

74. Plaintiff incorporates by reference paragraphs one (1) through seventy-three (73) above.

75. Plaintiff is an African-American who was employed by the Defendant as a Dangerous Goods Agent.

76. Plaintiff at all times met or exceeded the Defendant's legitimate performance expectations.

77. Defendant harassed and discriminated against the Plaintiff because of her race, thereby leading to her constructive discharge.

78. Similarly situated white employees were treated more favorably than Plaintiff.

79. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
625 North Madison Avenue, Suite A
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax